**SO ORDERED.**

**SIGNED** this 21 day of April, 2010.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**COOPERATIVE BANKSHARES, INC.,**   CASE NO. 09-06989-8-JRL
    Debtor.   Chapter 7

**WILLIAM J. CONNORS et al.,**

    Plaintiffs

    v.   Adversary Proceeding No.
          09-00289-8-JRL

**F. PETER FENSEL JR. et al.,**

    Defendants.


**JOHN D. MOLLOZZI et al.,**

    Plaintiffs

    v.   Adversary Proceeding No.
          09-00290-8-JRL

**F. PETER FENSEL JR. et al.,**

    Defendants.

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

These cases are before the court on various motions to dismiss, intervene, and abstain. On March 31, 2010, this court conducted a hearing on these matters in Wilmington, North Carolina.

**BACKGROUND**

Cooperative Bankshares, Inc. ("CBI") is the holding company for, and sole shareholder of, Cooperative Bank. On June 19, 2009, the Commissioner of Banks for the State of North Carolina ("Commissioner") determined that Cooperative Bank was conducting business in an unauthorized and unsafe manner. The Commissioner issued an order taking possession of Cooperative Bank and the Federal Deposit Insurance Company ("FDIC") became receiver for the bank. On August 19, 2009, CBI filed a voluntary Chapter 7 bankruptcy petition in the Eastern District of North Carolina.

On November 5, 2009, a complaint was filed in the Superior Court of New Hanover County, North Carolina, seeking damages based on corporate mismanagement of Cooperative Bank. On December 9, 2009, a separate set of individual plaintiffs filed a similar lawsuit in New Hanover County Superior Court. Both complaints (collectively, "complaint") were filed by pro se individuals who are shareholders of CBI (collectively, "plaintiffs"). In their complaint, the plaintiffs seek relief from, Cooperative Bankshares Inc., d/b/a Cooperative Bank, and Directors (F. Peter Fensel, Jr.; James D. Hundley; H. Thompson King, III; R. Allen Rippy; Fredrick Willetts, III; and O. Richard Wright, Jr.) (collectively, "directors") as a result of their alleged negligence in operating Cooperative Bank and causing it to fail.

On December 17, 2009, the trustee removed both pending lawsuits to the United States

2

Bankruptcy Court for the Eastern District of North Carolina. Since the time of removal, the directors have filed motions to abstain, remand, or dismiss for lack of subject matter jurisdiction due to lack of standing. The FDIC filed motions to be substituted for Cooperative Bank and motions to dismiss under 12(b)(1) of the Federal Rules of Civil Procedure. The directors then filed motions to dismiss both cases under Rules 12(b)(1) and 12(b)(6). The trustee also filed motions to intervene or dismiss under Rule 12(b)(1). The plaintiffs then voluntarily dismissed their actions against Cooperative Bankshares Inc. d/b/a Cooperative Bank and requested that the remaining proceedings against the directors be remanded to the Superior Court of New Hanover County, North Carolina. The plaintiffs' voluntary dismissal of the action against Cooperative Bankshares, Inc. d/b/a Cooperative Bank is interpreted as a dismissal of the action as it relates to both CBI and Cooperative Bank; therefore, the only remaining action is against the individual directors.

## JURISDICTION

Title 28, § 1334 of the United States Code conveys original and exclusive jurisdiction of all cases under Title 11 to district courts. In addition, the district courts have "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."[1] 28 U.S.C. § 1334(a), (b). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." A.H. Robins, Co., Inc. v. Piccinin, 788 F.2d 994, 1002 n.11 (4th. Cir. 1986)

---

[1]The district courts have authority to refer these proceedings to bankruptcy courts. See 28 U.S.C. § 157(a), (b)(1). By General Order of Reference entered on August, 1984, the U.S. District Court for the Eastern District of North Carolina referred all such proceedings to this court.

(citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984)). The complaint alleges claims which are derivative in nature. Any derivative claim against the board of directors is property of the estate and would impact the administration of the estate. Therefore, this court finds that the plaintiffs' claims against the directors are sufficiently related to CBI's pending bankruptcy to create subject matter jurisdiction under 28 U.S.C. § 1334.

However, the pending matter is not a core proceeding under 28 U.S.C. § 157(b)(1) because it neither arises under nor arises in a case under title 11. Under § 157(c)(1) this court may hear a non-core proceeding that is otherwise related to a case under title 11. When presiding over a non-core proceeding, this court shall file proposed findings of fact and conclusions of law pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure. After a de novo review of the record, this court's findings and any written objections, the district judge may accept, reject, or modify these proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to this court with instructions.

## DISCUSSION

Addressing first the directors' motions to dismiss under Rule 12(b)(6), the court finds that resolution of this issue will render moot the remaining motions. Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. The complaint fails to state a claim upon which relief can be granted for two reasons: (1) North Carolina law does not permit a direct action by shareholders against the directors of their corporation, and (2) to the extent that the plaintiffs' claims are derivative, the complaint fails to allege that a demand was made on the corporation.

In the complaint, the plaintiffs allege that the directors were reckless, wanton, and/or negligent in performing their duties, and as a result of this conduct all the shares in the corporation became worthless. To the extent that these allegations can be interpreted as direct claims, the plaintiffs have failed to allege the facts necessary for a direct claim to proceed against the directors.

"The general rule is that a shareholder of a corporation may not recover individually for injury to the corporation that results in diminution of the value of the corporation's stock." Allen ex rel. Allen & Brock Cost. Co., Inc. v. Ferrera, 141 N.C. App. 284, 290, 540 S.E.2d 761, 766 (2000) (citing Barger v. McCoy Hillard & Parks, 346 N.C. 650, 488 S.E.2d 215 (1997)). However, individual actions may be prosecuted if the shareholder can show either (1) that the wrongdoer owed him a special duty, or (2) that the injury suffered by the shareholder is personal to him and distinct from the injury sustained by other shareholders or the corporation itself. Id.

The complaint does not allege any facts which would allow a direct claim to proceed under one of the exceptions to the bar on direct claims against directors. The plaintiffs do not allege that the directors breached any special duty owed to them. Furthermore, the plaintiffs have simply alleged that the value of their stock decreased; therefore, their injury is not distinct from any other shareholder or the corporation itself. As a result, to the extent that the allegations set forth in the complaint are interpreted as direct claims, the claims should be dismissed for failing to state a claim for which relief can be granted.

To the extent that the plaintiffs' claims may be interpreted as derivative claims, the plaintiffs have failed to comply with the statutory requirements for bringing a derivative action.

No shareholder may commence a derivative proceeding until: (1) a written

>  demand has been made upon the corporation to take suitable action; and (2) 90 days have expired from the date demand was made unless, prior to the expiration of the 90 days, the shareholder was notified that the corporation rejected the demand, or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period.

N.C. GEN. STAT. § 55-7-42 (1995). A failure to fulfill the statutory requirements for bringing a shareholder derivative action is an insurmountable bar justifying dismissal of a complaint for failure to state a claim upon which relief could be granted. Ferrera, 141 N.C. App. at 287, 540 S.E.2d at 764.

In their complaint, the plaintiffs fail to allege that any demand was made on the debtor corporation. As a result, the plaintiffs have failed to state a claim upon which relief may be granted, and their claims should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

Based on the foregoing, this court recommends that the directors' Rule 12(b)(6) motions to dismiss be granted because the complaint fails to state a direct or a derivative claim upon which relief can be granted. Pursuant to Rule 9033, if any party objects to these proposed findings of fact and conclusions of law, the objecting party may serve and file with the clerk a written objection within 10 days after being served with a copy of these proposed findings and conclusions of law. The written objection must identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to an objection within 10 days of being served a copy thereof.

**"END OF DOCUMENT"**